**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION – DES MOINES**

| | | |
|---|---|---|
| BLAZE HARMS, | | |
| Plaintiff, | | No.  4:25-cv-157 |
| vs. | | |
| WALMART INC., a Delaware corporation, GUANGDONG MIDEA CONSUMER ELECTRIC MANUFACTURING CO., LTD., and MIDEA AMERICA CORP., a Florida corporation, | | **COMPLAINT AND JURY DEMAND** |
| Defendants. | | |

**PARTIES**

1.     Plaintiff, Blaze Harms, is a citizen of the state of Iowa and resides in Polk County, Iowa.

2.     Defendant Walmart Inc. ("Walmart") is a Delaware corporation with its principal place of business located at 1 Customer Dr., Bentonville, Arkansas 72716.

3.     Walmart Inc. is authorized to do business in the state of Iowa, is registered with the Iowa Secretary of State, and has designated C.T. Corporation System, 400 E. Court Ave., Des Moines, IA, 50309, as its Registered Agent in the state of Iowa.

4.     Walmart Inc operates retail stores within Iowa, including the Walmart Supercenter # 5748, 2150 E. 1st Street, Grimes, Iowa 50111.

5.      Defendant Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea"), is a Chinese corporation, not registered to do business in any state in the United States and is not subject to the jurisdiction of this United States District Court, or any other court in the state of Iowa.

6.      Midea America Corp., is a Florida corporation, not registered to do business in the state of Iowa.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

9.      The Instant Pot pressure cooker that is the subject of this civil action was designed, marketed and distributed by a Canadian corporation, Instant Brands Inc.

10.     The Instant Pot pressure cooker that is the subject of this civil action was manufactured by Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea").

11.     The Instant Pot pressure cooker that is the subject of this civil action was distributed by Midea America Corp.

12.     On November 29, 2021, the Instant Pot pressure cooker that is the subject of this civil action was sold by Defendant Walmart Inc., at the Walmart Supercenter # 5748, 2150 E. 1st Street, Grimes, Iowa.

13.    On April 30, 2024, Plaintiff was using the subject Instant Pot pressure cooker in a reasonably foreseeable manner, consistent with its instructions and intended use.

14.    While using the product, the lid of the Instant Pot pressure cooker unexpectedly and suddenly opened while the contents were still pressurized, causing superheated contents to erupt from the appliance.

15.    As a direct and proximate result of the unexpected opening of the lid of Instant Pot pressure cooker, Plaintiff sustained severe burns and other bodily injuries, requiring medical treatment and causing significant pain, suffering, disfigurement, emotional distress, lost wages, and other damages.

16.    The Instant Pot was defective and unreasonably dangerous at the time it left the possession of Walmart.

17.    The defective condition of the product was a proximate cause of Plaintiff's injuries and damages.

### CLAIMS FOR RELIEF

**COUNT I**
**STRICT LIABILITY — DEFECTIVE PRODUCT**
**(Iowa Code § 668.1, et seq)**

18.    Plaintiff incorporates by reference the allegations set forth above.

19.    Defendant Walmart sold the subject Instant Pot in the ordinary course of business.

20.    The Instant Pot was expected to and did reach Plaintiff without substantial change in its condition.

21.    The Instant Pot was defective and unreasonably dangerous due to:

a. Failure of the product to comply with prevailing industry standards to prevent the lid of the product from detaching while the product is under pressure;

b. Failure of the lid locking mechanism to prevent the lid from opening while pressurized;

c. Inadequate warnings and instructions regarding the safe use and potential dangers of the product;

d. The Instant Pot was not reasonably safe as intended to be used;

e. The Instant Pot presented risks which exceeded the utility of the product;

f. The Instant Pot was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations;

g. A reasonably prudent manufacturer, distributor, or seller, given knowledge of the Instant Pot's condition, would not have marketed, distributed or sold the device; and,

h. The Instant Pot marketing, instructions, and packaging, misrepresented its safety characteristics and the inability to open the lid when the pot was under pressure, when in fact it could be opened under pressure.

22. Plaintiff used the Instant Pot in a reasonably foreseeable manner.

23. As a direct and proximate result of the defective and unreasonably dangerous condition of the Instant Pot, Plaintiff suffered the injuries and damages described herein.

24.  As a direct and proximate result of the defective and unreasonably dangerous condition of the Instant Pot, Defendants are liable to Plaintiff for the injuries and damages she sustained.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Iowa Code § 554.2314)

25.  Plaintiff incorporates by reference the allegations set forth above.

26.  Defendant Walmart impliedly warranted that the Instant Pot was merchantable and fit for its ordinary purpose.

27.  The Instant Pot was not merchantable and fit for its ordinary purpose, as it was defectively designed and/or manufactured, causing it to be unreasonably dangerous.

28.  Plaintiff relied on the implied warranty of merchantability in using the Instant Pot.

29.  As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff suffered injuries and damages.

30.  As a direct and proximate result of the breach of implied warranty, Defendants are liable to Plaintiff for the injuries and damages she sustained.

## LIABILITY OF WALMART
### (Iowa Code § 613.18)

31.  The Instant Pot pressure cooker that is the subject of this civil action was manufactured by Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea").

32.  Midea is a Chinese corporation, not registered to do business in any state in the United States and is not subject to the jurisdiction of this United States District Court, or any other court in the state of Iowa.

33.     Upon information and belief, the Instant Pot pressure cooker that is the subject of this civil action may have been imported and distributed by Midea America Corp.

34.     Midea America Corp., is a Florida corporation, not registered to do business in the state of Iowa.

35.     It is expected that Midea America Corp. will contend that it is not a distributor of the product that is the subject of this civil action, and subject to the jurisdiction of this United States District Court, or any other court in the state of Iowa.

36.     Instant Brands Inc. is a Canadian Corporation, and was the designer, importer, marketer, and distributor of the Instant Pot pressure cooker that is the subject of this civil action.

37.     On June 12, 2023, Instant Brands Inc., and its related business entities, filed a Chapter 11 Voluntary Petition for Bankruptcy Reorganization in the U.S. Bankruptcy Court for the Southern District of Texas, Bankruptcy Petition #: 23-90716.

38.     On February 22, 2024, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Instant Brands, Inc. and its related business entities.  Instant Brands' liability for any injuries caused by the Instant Pot pressure cooker that is the subject of this civil action have been discharged in bankruptcy.

39.     Because the manufacturer, and the designer, importer, and distributor of the Instant Pot pressure cooker that is the subject of this civil action each and all are not subject to the jurisdiction of this court, or have been judicially declared insolvent, and Defendant Walmart Inc. was the person who retailed, distributed, or otherwise sold the product that is the subject of this civil action, pursuant to Iowa Code § 613.18, Defendant Walmart Inc., is liable to Plaintiff

for any damages based upon strict liability in tort or breach of implied warranty of merchantability.

## DAMAGES

40.    As a result of Defendants' conduct, Plaintiff seeks recovery for:

    a.  Past and future medical expenses;

    b.  Past and future physical and emotional pain and suffering;

    c.  Past and future loss of enjoyment of life;

    d.  Past and future lost wages and loss of earning capacity;

    e.  Disfigurement;

    f.  Other compensatory damages as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Blaze Harms demands judgment against Defendant Walmart Inc. for compensatory damages in an amount exceeding $75,000, together with interest, costs, and attorneys' fees where applicable, and any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: April 28, 2025.

        Respectfully submitted,

        /s/ *Bruce L. Braley*

        **Bruce L. Braley ATO0001132**
        Leventhal Puga Braley P.C.
        950 South Cherry Street, Suite 600
        Denver, CO 80246
        303-759-9945
        Email: bbraley@leventhal-law.com

8

George E. McLaughlin
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
720-420-9800
Email: GEM@McLLF.com

Application pending – *Pro Hac Vice* Admission to
Southern District of Iowa

8